STATE EX REL. SYARTO, Appellant, vs. BARBER, Respondent.

*October 7—November 9, 1954.*

The cause was submitted for the appellant on the brief of the *Attorney General* and *William A. Platz,* assistant attorney general, *William J. McCauley,* district attorney of Milwaukee county, *Oliver L. O'Boyle,* corporation counsel, and *George E. Rice,* assistant corporation counsel, and for the respondent on the brief of *John L. Newman* of Milwaukee.

GEHL, J.   The state demands a new trial. That it may, upon a satisfactory showing and under some circumstances, have one is held in *State ex rel. Mahnke v. Kablitz,* 217 Wis. 231, 258 N. W. 840. Because a new trial must be had we deem it unnecessary to say more about the evidence than to point out that we are convinced that at the close of the state's case there was testimony establishing every circumstance essential to conviction and that in the absence of contradictory testimony the court should not have dismissed the action. The trial court misconstrued *State v. Van Patten,* 236 Wis. 186, 294 N. W. 560. It is true that in that case the court

pointed to the unusual circumstance that the complaining witness never accused defendant of being responsible for her pregnancy until she swore to the complaint, a circumstance also present in this case, and the sole basis for the court's action. But the court did not there grant a new trial for that reason. There were errors in the instructions and the court made it plain that it considered that those errors, coupled with circumstances of the improbability of the story of the witness, required a new trial in the interests of justice. It is impossible to read out of the opinion in the *Van Patten Case* any suggestion that a new trial would have been ordered solely upon the ground of the improbability of the complaining witness' story.

It is clear, therefore, that the trial court proceeded on a mistaken view of the law. Because of the error it is considered that we should exercise the power conferred upon this court by sec. 251.09, Stats., and remit the case for a new trial.

*By the Court.*—Judgment reversed, and the cause remanded with instructions to enter an order for a new trial.